GENERAL KNIT FABRIC CO. et al. v. STEBER MACH. CO. et al.

(Circuit Court, N. D. New York. June 26, 1911.)

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—KNITTED FABRIC AND KNITTING MACHINE.

The Scott patents, No. 899,439, claims 2 and 4, for a knitted fabric and mode of producing the same, and No. 925,393, for a knitting machine, both *held* valid and infringed.

In Equity. Suit by the General Knit Fabric Company and Robert W. Scott and L. N. D. Williams against Steber Machine Company and Bernard T. Steber. Decree for complainants.

Howson and Howson, for complainants.

Lewis, Watkins & Titus (Edgar M. Kitchin, of counsel), for defendants.

RAY, District Judge. Claim 2 of patent No. 899,439, is for a knitted fabric, and 4 thereof is for the mode therein described of producing a knitted fabric. They read as follows:

"2. A knitted fabric comprising two ribbed webs with crossed sinker wales, the ribs of one web being disposed in the spaces between the ribs of the other web. * * * *"

"4. The mode herein described of producing a knitted fabric, said mode consisting in feeding one yarn to one set of needles drawing stitches first in one direction and then in the opposite direction, to produce a ribbed web, and feeding another yarn to an alternating set of needles likewise drawing stitches first in one direction and then in the other direction and between the stitches drawn by the needles of the first set."

Claim 1 of patent No. 925,393, is for:

"1. The combination in a knitting machine for producing a ribbed fabric, of two needle carriers each having two sets of needles, needle operating mechanism and a yarn supply co-operating with the needles of one set in each carrier to produce one ribbed fabric, and needle operating mechanism and a yarn supply co-operating with the needles of the other set in each carrier to produce another ribbed fabric interlocked with the first."

And claim 4 is for:

"4. The combination in a knitting machine for producing a ribbed fabric, of a cylinder and dial, each having two sets of needles, needle operating mechanism and a yarn supply co-operating with one set of needles of the cylinder and dial to produce one ribbed fabric and needle operating mechanism and a yarn supply co-operating with the other set of needles of the cylinder and dial to produce another ribbed fabric interlocked with the first."

I do not think it would serve any useful purpose to describe here the fabric, mode of producing same, or the combinations of cylinders, needles, dials, etc. These matters are made plain only by diagrams and drawings which are not of general interest. Having gone through the testimony and able briefs of counsel and examined the machines and products, I am constrained to hold with some hesitation that defendants infringe the claims referred to of the two patents in suit, and that such claims are valid.

There will be a decree accordingly, with costs.

In view of the doubts which I entertain as to the accuracy of my conclusions there will be an order suspending the issue and operation of the injunction pending appeal provided same is taken within 60 days after service of a copy of the decree and prosecuted diligently and on filing a bond approved by me in the sum of $2,000, conditioned to pay all costs, profits, and damages finally awarded against defendants, if any.